IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DARREN M. MUELLER, | Civil No. 26-00114 MWJS-RT |
| Plaintiff, | |
| vs. | ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## INTRODUCTION

Before the court is pro se Plaintiff Darren M. Mueller's complaint against the Social Security Administration, filed on March 5, 2026.  Dkt. No. 1.  Mueller also seeks to proceed in forma pauperis ("IFP"), that is, without prepayment of fees or security. Dkt. No. 3.

When a litigant asks to proceed without paying the filing fee, the court must review the complaint before the suit may proceed.  As part of that review, the court must ensure that it has the authority—subject matter jurisdiction—to hear the case. Although Mueller's financial affidavit supports granting IFP status, the complaint does not establish that this court has subject matter jurisdiction.  In addition, the sole defendant named in the complaint—the Social Security Administration—is a federal agency that is generally immune from suit absent a waiver of sovereign immunity.

For these reasons, the court GRANTS Mueller's IFP application, but DISMISSES the complaint for lack of subject matter jurisdiction.  Because Mueller may be able to cure these deficiencies—for example, by properly alleging a basis for federal jurisdiction or by filing an appropriate Social Security complaint—the court GRANTS him leave to amend.

## DISCUSSION

### A.    The IFP Application

Federal law permits a court to allow a party to proceed without prepayment of fees if the party submits an affidavit demonstrating an inability to pay those fees.  *See* 28 U.S.C. § 1915(a)(1).  The applicant need not demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), but must at least "allege poverty with some particularity, definiteness, and certainty," *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (cleaned up).  An affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life."  *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

In this case, Mueller has submitted an affidavit in which he represents he has no source of income and no wages.  Dkt. No. 3, at PageID.8  He notes that he has $240.00 in his bank account.  *Id*. at PageID.9.  His assets are limited to some "error coins" and rare coins, which are located in a safe deposit box and apparently quoted by eBay to be worth $25,000—but which Mueller claims are "at risk due to the Social Security

2

Administration."  *Id*.  His regular monthly expenses include bus fare to retrieve mail, and his debts and obligations are approximately $240 to the Bank of Hawaiʻi.  *Id*.

Having reviewed Mueller's application, which reflects no income and limited assets—of speculative value—the court concludes that he has made the necessary showing to proceed IFP.  The information provided indicates that requiring prepayment of the filing fee would interfere with his ability to meet ordinary living expenses.  The court therefore GRANTS Mueller's IFP application.

**B.      Screening of the Complaint**

Even after granting IFP status, the court must conduct a screening of the plaintiff's complaint.  Under 28 U.S.C. § 1915(e)(2), the court must dismiss a complaint that fails to state a claim, seeks relief from an immune defendant, or otherwise cannot proceed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); 28 U.S.C. § 1915(e)(2)(B).

Because pro se plaintiffs often face significant hurdles in navigating the court system, courts construe their pleadings liberally.  *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  But even pro se plaintiffs must adequately allege subject matter jurisdiction before their actions may proceed in federal court.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  The court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Id.*  So if a plaintiff fails to plead sufficient allegations to show a proper basis for

3

the court to assert subject matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).  In its current form, Mueller's complaint does not provide sufficient detail to adequately allege subject matter jurisdiction.

1.  Mueller has indicated that the basis for the federal court's jurisdiction over his case is a federal question.  Dkt. No. 1, at PageID.3.  But when asked to list which specific provisions of federal statutes, treaties, or provisions of the United States Constitution are at issue, Mueller's complaint alleges "unbecoming of a federal employee, as [he] could die from said injuries, heart, frontal lobe atrophy, hernia, two surgeries."  *Id*.

Mueller's complaint is sparse on factual allegations and does not identify any federal law under which his claims arise.  Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil cases that involve the Constitution or federal law.  Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  While Mueller alleges the defendant "lowered benefits for no reason," and that he has been struggling as a result, Dkt. No. 1, at PageID.4, it is not readily apparent from the complaint, as alleged, which specific federal statutes these allegations are made under.  Although Mueller lists the Social Security Administration as defendant, that reference alone does not confer federal question jurisdiction.  References to federal agencies are insufficient, without more, to establish jurisdiction.  *See Shulthis*

4

*v. McDougal*, 225 U.S. 561, 569–70 (1912); Dkt. No. 1, at PageID.1.  Mueller, therefore, has not been able to invoke federal question jurisdiction.

2.  Federal question jurisdiction is not the only possible basis for subject matter jurisdiction.  A federal court may also exercise jurisdiction under 28 U.S.C. § 1332(a) when the amount in controversy exceeds $75,000 and the action is between "citizens of different States."  The citizenship requirement demands "complete diversity of citizenship between the opposing parties—in other words, Plaintiff must be a citizen of a different state than all of the defendants."  *Gilbert v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 17-00575, 2017 WL 6519017, at *2 (D. Haw. Dec. 20, 2017).  A plaintiff invoking diversity jurisdiction must therefore allege facts establishing the citizenship of each party.

Mueller does not expressly invoke diversity jurisdiction, but he provides some information that could be relevant to that inquiry.  He states that he is a citizen of Hawai'i and identifies the Social Security Administration as located in Hawai'i.  Dkt. No. 1, at PageID.3-4.  Mueller also suggests that the amount in controversy involves the "loss of property," including an adopted kitten, books, and furniture, which he attributes to reduced or denied benefits.  *Id*. at PageID.4.

Even assuming Mueller intended to invoke diversity jurisdiction, that basis for jurisdiction is unavailable here.  Diversity jurisdiction exists only where the amount in controversy exceeds $75,000 and the action is between citizens of different states.  *See* 28 U.S.C. § 1332(a).  Mueller's complaint names the Social Security Administration—a

5

federal agency—as the sole defendant.  But federal agencies are not "citizens" of any particular state for purposes of diversity jurisdiction.  *Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974).  Accordingly, diversity jurisdiction cannot provide a basis for federal jurisdiction in this case.

3.  Finally, to the extent that the complaint makes allegations against the Social Security Administration as a federal agency, that agency is protected from suit by sovereign immunity.  *See Balser v. Dep't of Just., Off. of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003) (noting that "[t]he United States, as a sovereign, is immune from suit unless it has waived its immunity" and "any lawsuit against an agency of the United States . . . is considered an action against the United States").  And a "court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim."  *Id*.  Here, Mueller alleges that the Social Security Administration "lowered benefits for no reason" and that he seeks relief based on this "arbitrary and capricious behavior."  Dkt. No. 1, at PageID.4-5.  But he has identified no waiver of those agencies' sovereign immunity—meaning that the court lacks jurisdiction.

It is possible that Mueller is attempting to challenge a decision regarding Social Security benefits, but such claims must generally be brought as a civil action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).  Under that statute, actions seeking review of Social Security decisions must comply with specific requirements and are typically brought using a Social Security

6

complaint identifying the final administrative decision being challenged.  *See Brown v. Kijakazi*, 11 F.4th 1008, 1009 (9th Cir. 2021) ("[T]he statutory procedural vehicle for seeking judicial review of a social security decision is a civil complaint filed in the district court, asserting the statutory cause of action against the Commissioner."). Mueller's complaint, as currently written, does not identify any statute, final administrative decision, or otherwise allege facts sufficient to establish jurisdiction under § 405(g).

Ultimately, because Mueller's complaint does not establish a basis for subject matter jurisdiction, seeks relief against a federal agency that is protected by sovereign immunity, and does not follow the procedures required to bring a Social Security appeal, the complaint cannot proceed in its current form.  The court therefore DISMISSES the complaint.

### C.    Leave to Amend

As a general rule, leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").  Because it is possible that Mueller may be able to cure these deficiencies—for example, by alleging a proper basis for federal question jurisdiction or by filing an appropriate Social Security complaint—the court GRANTS leave to amend.

Any amended complaint—which should be titled "First Amended Complaint"—must be filed by April 16, 2026, and must cure the deficiencies identified above; that is, Mueller must provide sufficient facts to establish subject matter jurisdiction as described above.  Mueller is cautioned that failure to timely file an amended complaint that addresses the deficiencies identified above will result in the automatic dismissal of this action.

## CONCLUSION

For the foregoing reasons, the court GRANTS Mueller's IFP application, DISMISSES the complaint, and GRANTS Mueller leave to amend.

If Mueller elects to file an amended complaint, he must comply with the following requirements:

(1) Mueller's deadline to file an amended complaint is April 16, 2026;

(2) Mueller's amended complaint should be titled "First Amended Complaint"; and

(3) Mueller must cure the deficiencies identified above.

Mueller is cautioned that failure to timely file an amended complaint that complies with this order will result in automatic dismissal of this action.

//

//

//

8

IT IS SO ORDERED.

DATED:  March 16, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 26-00114 MWJS-RT; *Darren M. Mueller v. Social Security Administration*; ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND